PUBLIC UTILITIES COMMISSION

*vs.*

CITY OF LEWISTON WATER COMMISSIONERS.

Androscoggin.    Opinion January 19, 1924.

*The findings of the Public Utilities Commission on questions of fact if based upon any substantial evidence are final, and its findings on questions of law only are subject to review.*

In the instant case the single issue is whether the required extension is financially expedient, taking into consideration the estimated cost on the one hand and the estimated revenue on the other. This is purely an economic and not a legal question.

A case might be conceived where the disproportion of revenue to cost might be so fixedly great, with no prospect of betterment in the future, as to make an order of extension confiscatory in its nature and therefore open to relief from the court. But this is not such a case.

The questions involved in this case are peculiarly within the study, experience and good judgment of this Commission which was established by the Legislature to pass upon these and kindred questions. The judgment of the court in such matters is not to be substituted for that of the Commission.

On exceptions. This is a complaint against the city of Lewiston instituted before the Public Utilities Commission by certain residents of that city for the purpose of requiring that city to extend its water service to Leavitt Avenue and Lemont Avenue, two comparatively new and parallel streets about two hundred feet apart leading off from East Avenue in said city.

The Water Commissioners of the city refused to extend the service upon request of some of the residents on said streets, basing such refusal upon the claim that the additional revenue that would result from such proposed extension of service would not warrant the necessary expenditure. A hearing was held on November 1, 1922, and the Commission ordered the city of Lewiston to extend its water mains along said streets and render service to all persons living thereon. On petition of the city the case was reopened and a second hearing held on June 12, 1923 and the previous order and decree were confirmed. Counsel for the city entered exceptions. Exceptions overruled.

The case is stated in the opinion.

*Constance E. L. Gastonguay,* pro se, *and Olivier Cloutier,* pro se.

*Frank A. Morey, Louis J. Brann and William J. Tackaberry, City Solicitor,* for the city of Lewiston.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, WILSON, DEASY, JJ.

CORNISH, C. J. This case comes before the Law Court on exceptions to two orders and decrees of the Public Utilities Commission dated respectively December 9, 1922, and June 15, 1923. These decrees pertain to the same matter and require the city of Lewiston to extend its water mains along Leavitt Avenue and Lemont Avenue in said city and to render service to all persons living upon said avenues desiring such service.

This court is not an Appellate Court from the Public Utilities Commission, to retry questions of fact already tried and decided by that tribunal. The only power of review relates to questions of law.

"Questions of law may be raised by alleging exceptions to the rulings of the Commission on an agreed statement of facts, or on facts found by the Commission." R. S., Chap. 55; Public Laws, 1917, Chap. 28. "Facts found by the Commission are not open to question in this Court unless the Commission should find facts to exist without any substantial evidence to support them, when such finding would be open to exceptions as being unwarranted in law." *Hamilton* v. *Caribou Water, Light and Power Company*, 121 Maine, 422, a case which determines the power of this court on review in this class of cases and establishes the practice in such proceedings.

The single issue in the case at bar is whether the required extension is financially expedient, taking into consideration the estimated cost on the one hand and the estimated revenue on the other. This is purely an economic, not a legal question. Cases might be conceived perhaps where the disproportion of revenue to cost might be so fixedly great, with no prospect of betterment in the future, as to make an order of extension confiscatory in its nature and therefore open to relief from the court. But this is not such a case. The proposed extension reaches land partially developed and sparsely occupied by dwellings, eleven in all, so that at the present time the income upon investment would be small. But what the future may bring in the way of new houses, whether the water system extension should precede further building or further building should precede the extension in that particular locality on the edge of a populous and growing city owning its own water system, are questions peculiarly within the study, experience and good judgment of this Commission, which was established by the Legislature to pass upon these and kindred questions. The judgment of the court in such matters is not to be substituted for that of the Commission. "It was not intended that the Courts should interfere with the Commissions or review their determinations further than is necessary to keep them within the law and protect the constitutional rights of the corporations over which they were given control." People ex rel. *New York & Queens Gas Co.* v. *McCall*, 219 N. Y., 84, A. C. 1916 E., 1042.

The action of the Commission in the present case was neither arbitrary nor capricious. The first hearing was held on November 1, 1922, was duly attended by the Commission's staff of experts, and the order for extension was made on December 9, 1922. On petition

of the city the case was reopened and a second hearing had on June 12, 1923. At the second hearing nothing was adduced in the judgment of the Commission to reverse or modify the previous order and therefore on June 15, 1923, the previous order and decree were confirmed by supplemental order except as to certain minor details. We see no legal reason why this order and decree so far as extension are concerned should be disturbed.

The date fixed for beginning the work was not later than July 1, 1923. That must of course now be modified by the Commission after due notice to the parties. It is proper to say, however, that the delay has not been caused by this court. Exceptions were not filed with the Commission until July 12, 1923, copies of proceedings not filed in court until September 13, 1923, and brief for the city until December 11, 1923. The clerk of the Law Court will certify this decision to the clerk of the Public Utilities Commission.

*Exceptions overruled with costs.*